UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP DAVIS, JR. and
JESSIE OGLETREE,

        Plaintiffs,

                                Case No. 12-15284
v.                             Honorable Patrick J. Duggan

COUNTRYWIDE HOME LOANS a/k/a
BANK OF AMERICA,

        Defendant.
_____/

**ORDER REQUIRING PLAINTIFFS TO FILE AMENDED COMPLAINT**

      Plaintiffs filed this lawsuit against Defendant on November 30, 2012, by filing a form "Civil Complaint." Plaintiffs have paid the filing fee. Except for completing the case caption and contact information and signing[1] and dating their pleading, Plaintiffs provide no further information and/or allegations on the form. Plaintiffs did attach numerous exhibits to their "Complaint."

      The Federal Rules of Civil Procedure require that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). The complaint must give the

---

      [1] In fact, only Plaintiff Philip Davis Jr. signed the Complaint.

defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957).

To satisfy this requirement, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. "[T]he pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Plaintiffs' essentially blank Complaint cannot satisfy Rule 8's pleading requirements. Plaintiffs present neither facts nor a basis for this Court's jurisdiction. They do not set forth or even suggest what Defendant allegedly did wrong. They do not

even state what relief they are seeking. The Court is not required to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). As such, neither the Court nor Defendant are required to search Plaintiffs' exhibits to uncover their claims and the facts on which those claims depend.

Therefore, **within fourteen (14) days** of this Order, Plaintiffs shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice.

**SO ORDERED**.

Date:  January 8, 2013          s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Philip Davis, Jr.
9128 Nathaline
Redford, MI  48239-1926

Jessie Ogletree
17600 Northland Park Court
Southfield, MI   48075