UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP DAVIS JR. and
JESSIE OGLETREE,

        Plaintiffs,                Civil Case No. 2:12-cv-15284
                                                  Honorable Patrick J. Duggan

v.

COUNTRYWIDE HOME
LOANS a/k/a BANK OF AMERICA,[1]

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs initiated this lawsuit against Defendants on November 30, 2012, asserting damages related to separate home loan mortgages. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed August 8, 2013. The motion has been fully briefed. On September 13, 2013, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court

---

[1]According to Defendants, contrary to Plaintiffs' caption, Countrywide Home Loans is an existing and distinct corporate entity from Bank of America, N.A. Defendants read Plaintiffs' lawsuit as naming both entities as defendants. (*See* Defs.' Mot. n. 1.)

grants Defendants' motion.

## I. Applicable Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading

must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). While the court's analysis generally is restricted to the factual allegations within the complaint, the court also may consider: (1) documents referenced in the pleadings that are central to the plaintiff's claims, (2) matters of which a court can properly take notice, (3) public documents, and (4) decisions of government agencies. *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 2509 (2007); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## II.     Factual and Procedural Background

When Plaintiffs initiated this lawsuit, they first filed a form "Civil Complaint." Except for completing the case caption and contact information and signing and dating their pleading, Plaintiffs provided no further information and/or allegations on the form. Plaintiffs did attach numerous exhibits to their "Complaint." However all but two of the exhibits were articles generally discussing Defendants or the home loan foreclosure crisis; and the two exhibits that related specifically to either Plaintiff did not provide facts sufficient to state any claim against Defendants.  As a result, this Court issued an order requiring Plaintiffs to file an amended complaint complying with Federal Rule of Civil Procedure 8.

Plaintiffs filed an Amended Complaint on January 22, 2013.  According to the Amended Complaint, in 2003, Plaintiff Philip Davis Jr. ("Davis") and his wife obtained a loan from "Rock Financial a/k/a Quicken Loans" to purchase a home in Redford, Michigan.  Davis claims that he and his wife were misled regarding the amount of the loans' monthly payments, which they discovered before closing. Davis believes that his race (African American) caused the lender to "lump [them] in the PMI insurance racket to steal more of [their] hard earned money."  (Am. Compl. at 1.)

The Amended Complaint indicates that the loan was transferred to Countrywide Home Loans ("CHL") at some point in time and that Davis and his wife were unable to make the monthly payment obligation and eventually filed for Chapter 13 bankruptcy. Apparently in the bankruptcy proceedings, the monthly payments Davis and his wife were required to make increased even more. Davis asserts that "Defendants did unilaterally and contrary to the sign [sic] agreement raise the monthly payments on the home loan." (*Id*. at 2 ¶ 1.) Davis believes that he and his wife were taken advantage of because of their race. (*Id*. ¶ 6.)

The Amended Complaint refers specifically to Plaintiff Jessie Ogletree ("Ogletree") in only two brief paragraphs:

> 8. Plaintiff[] Jessie Ogletree Jr. states that the Bank cause [sic] him and his wife to lose their dream house that they had saved up for years to purchase.
>
> 9. Mr. Ogletree claims that the bank did all they could to prevent them from modifying their loan in order to save their home. The Bank even had real estate persons attempting to sale [sic] the home before all options were exhausted.

(Am. Compl.) In the motion to dismiss, Defendants inform the Court of the specific facts concerning Plaintiffs' mortgage loans.

On May 2, 2003, Davis and his wife obtained a loan in the amount of $159,500.00 from Quicken Loans. (*See* Defs.' Mot. Ex. C.) The loan was secured

by a mortgage on real property commonly known as 9128 Nathaline, Redford, Michigan. (*Id.*) The mortgage designated MERS as the mortgagee solely as nominee for the lender and its successors and assigns. (*Id.*) The mortgage was recorded with the Wayne County Register of Deeds on June 25, 2003. (*Id.*)

Davis and his wife refinanced the mortgage loan on January 11, 2008, securing a $165,886.00 loan from Security Atlantic Mortgage Co., Inc. ("Security Atlantic") on that date. (Defs.' Mot. Ex. E.) The loan was secured by a mortgage on the property. (*Id.*) In January 2008, CHL began servicing the loan. (*See id.* Ex. I at 19.) The mortgage was assigned to Bank of America on July 2, 2012, and the assignment was recorded in the Wayne County Registry of Deeds on July 5, 2012. (*Id.* Ex. F.)

Davis filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan on June 29, 2004. (*Id.* Ex. G.) On March 20, 2008, the Chapter 13 Trustee Final Report and Account was issued and, on April 23, 2008, the bankruptcy was closed by order of the bankruptcy court. (*Id.* and Ex. H.) The payments Davis disputes in the Amended Complaint are included in the Trustee's report and that report was accepted by the bankruptcy court through closure of the bankruptcy case. (*Id.*)

On May 1, 2008, soon after the bankruptcy closed, Davis, with the

assistance of counsel, filed a lawsuit against CHL, Rock Financial Corporation, and Security Atlantic in the Circuit Court for Wayne County, Michigan (hereafter "state court action"). (Defs.' Mot. Ex. I.) In his complaint, Davis asserted claims of wrongful foreclosure, breach of contract, discrimination, and violations of the Michigan Consumer Protection Act, Michigan's Civil Rights Act, and the federal Fair Debt Collection Practices Act. (*See id*.) The allegations in the state court action overlap those in the pending Amended Complaint.

On November 7, 2008, the Honorable Gershwin Drain (then sitting in the Wayne County Circuit Court) granted CHL's motion for summary disposition on all counts of the state court action. (*See* Defs.' Mot. Ex. J.)

On November 20, 2003, Ogletree and his wife obtained a loan in the amount of $204,000 from Quicken Loans Inc. ("Quicken Loans") that was secured by a mortgage on real property commonly known as 28835 Murray Crescent Drive, Southfield, Michigan ("Ogletree mortgage"). (Defs.' Mot. Ex. A.) The Ogletree mortgage was recorded with the Oakland County Register of Deeds on December 3, 2003. (*Id*.) Mortgage Electronic Registration Systems, Inc. ("MERS") was identified on the Ogletree mortgage as the mortgagee solely as nominee for the lender and the lender's successors and assigns. (*Id*.)

Ogletree presumably defaulted on the loan and foreclosure proceedings

ensued. According to a Sheriff's Deed recorded with the Oakland County Register of Deeds on December 21, 2009, a sheriff's sale was conducted on December 8, 2009, with MERS purchasing the property for $213,074.13. (*Id*. Ex. B.)

### III. Applicable Law and Analysis

#### A. Ogletree

As stated in the previous section and in this Court's order requiring Plaintiffs to file an amended complaint, to satisfy Rule 8's pleading requirements, a plaintiff must plead factual content that permits the court to reasonably infer that the named defendant[s] is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). Plaintiffs plead no facts suggesting a relationship between Ogletree and Defendants to render Defendants liable for any alleged misconduct relating to the Ogletree loan, mortgage, or property. Ogletree and his wife secured their mortgage loan from Quicken Loans. MERS was the mortgagee and purchaser of the mortgaged property at the sheriff's sale. Even if some unpleaded relationship existed between Ogletree and Defendants, Ogletree's claim that he should have received a modification of the mortgage loan fails as a matter of law for the reasons set forth in Defendants' motion to dismiss.

### B.     Davis

Davis' current claims concern matters that were already decided– or should have been raised– in the state court action. They are thus barred by the doctrine of claim preclusion or *res judicata*. This doctrine "bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001). For *res judicata* to apply, the following conditions must be met:

> (1) there has been a prior decision on the merits, (2) the issue was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies.

*Paige v. City of Sterling Heights*, 476 Mich. 495, 522 n. 46, 720 N.W.2d 219, 234 n. 46 (2006); *see also Sewell*, 463 Mich. at 575, 621 N.W.2d at 225. Michigan courts apply this doctrine broadly to bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell*, 463 Mich. at 575, 621 N.W.2d at 225.

Davis alleges the same misconduct in the Amended Complaint that he charged in the state court action. (*Compare* Am. Compl. *with* Defs.' Mot. Ex. I.) The state court granted summary disposition to CHL with respect to Davis' claims.

CHL is named as a defendant in both actions. While Bank of America was not named in the state court action, Michigan courts allow a party to assert the doctrine of *res judicata* defensively even when that party is not in privity with a party to the prior action. *See Monat v. State Farm Ins. Co.*, 469 Mich. 679, 695, 677 N.W.2d 843, 852 (2004). Thus this final element need not be satisfied for *res judicata* to bar Davis' attempt to litigate claims that he raised or could have raised in the state court action.

Additionally, in the Chapter 13 bankruptcy proceedings, the bankruptcy court approved the increased monthly mortgage payments which Davis now challenges. Davis is barred from using this litigation to launch a collateral attack on the bankruptcy proceedings.

### IV. Conclusion

For the above reasons, the Court concludes that Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.


Dated: September 16, 2013          s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Philip Davis, Jr.
9128 Nathaline
Redford, MI   48289

Jessie Ogletree
17600 Northland Park Ct
Southfield, MI 48075

Bridget Hathaway, Esq.